United States District Court
Southern District of Texas
**ENTERED**
October 18, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUANE CHRIS JONES AND TIFFANY RENE JONES, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:19-CV-00506 |
| WELLS FARGO BANK, N.A., SWBC MORTGAGE CORPORATION; AND MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEM), | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) is Defendants Wells Fargo Bank, N.A.'s and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Document No. 17). Having considered Defendants' Motion to Dismiss, the Plaintiffs' Response in opposition (Document No. 21), Defendants' Reply (Document No. 24), Plaintiffs' allegations in the current pleading, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 17) be GRANTED, and that Plaintiffs' claims against Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc. be DISMISSED pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

I.    **Background and Procedural History**

This is a foreclosure case that was filed by Plaintiffs Duane Chris Jones and
Tiffany Rene Jones *pro se* in state court, seeking to prevent the scheduled foreclosure of
their property located at 11211 Bottlebrush Court, Houston, Texas 77095 ("Property").
Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic
Registration System ("MERS") (collectively referred to hereafter as "Defendants")
timely removed the case to this Court on the basis of federal question and diversity
jurisdiction, and promptly filed a Motion to Dismiss.[1]  Before that Motion to Dismiss
could be considered, Plaintiffs amended their pleadings, and Defendants filed a second
Motion to Dismiss (Document No. 17), which is currently pending.   In that Motion to
Dismiss, Defendants argue that Plaintiffs have not stated a plausible claim for relief as
against Wells Fargo, and have not stated any claims as against MERS.   Plaintiffs have
filed a response to that current, pending, Motion to Dismiss and have, as well, filed
several letters and submissions purporting to name the undersigned Magistrate Judge as
their "fiduciary" in this case (Document Nos. 35, 36 and 37).   Those filings (Document
Nos. 35, 36 and 37), which have no legal or practical effect, are STRICKEN.

The underlying facts that are not in dispute are that Plaintiffs purchased the
Property on April 7, 2010 with a loan they obtained from SWBC Mortgage Corporation,
and refinanced that loan with SWBC Mortgage Corporation, in November 2011.   Both
the original Deed of Trust associated with the April 7, 2010, loan, and the Deed of Trust
associated with the refinanced November 11, 2011 loan, identified "MERS" as the
beneficiary of the Deed of Trust, acting as "nominee for Lender and Lender's successors

---

[1] At the time the case was removed, SWBC Mortgage Corporation had neither been
served nor had it made an appearance in this case.  Nothing in the record indicates that
SWBC Mortgage Corporation has yet been served.

and assigns." (Document No. 12-1 at 14-60). On January 17, 2017, MERS assigned the Deed of Trust to Wells Fargo. (Document No. 17-3). Plaintiffs admit in their allegations that they fell behind on their monthly payments in 2016 and 2017, and do not dispute that they were informed by Wells Fargo of their default, and of Wells Fargo's intent to pursue foreclosure on the Property. Plaintiffs sent two letters to Wells Fargo in January 2019, one dated January 7, 2019, and the other dated January 9, 2019. In both letters (Document Nos. 17-4 and 17-5), Plaintiffs "disputed" the loan/debt, and challenged Wells Fargo's ability to show that it was the holder of the note and/or Deed of Trust. Wells Fargo responded to both letters, and provided Plaintiffs with documentary evidence of its standing to foreclose.

Plaintiffs do not dispute that they were behind on their payments at the time of the scheduled foreclosure. What they allege in this case is that Wells Fargo's response to their January 2019 letters was inadequate, that Wells Fargo is not the holder of the note and therefore has no standing to foreclose, and that the scheduled foreclosure, at a time when Plaintiffs were disputing Wells Fargo's standing to foreclose, constitutes unlawful debt collection in violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs, in their Amended Complaint (Document Nos. 12 & 18)[2] allege claims for: (1) a violation of the FDCPA; (2) fraud by nondisclosure; (3) fraudulent inducement; and (4) quiet title, and seek, as relief., damages, declaratory and injunctive relief, and recoupment. Wells Fargo and MERS seek dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that none are plausible.

---

[2] Plaintiffs filed an Amended Complaint (Document No. 12), with attached exhibits on April 1, 2019, and the same Amended Complaint without exhibits (Document No. 18) on April 16, 2019.

## II.    Rule 12(b)(6) Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556–557; *Iqbal*, 129 S.Ct. at 1950–1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). But, as it is only facts that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is

4

only then that the court can view the well pleaded facts, "assume their veracity and [ ]

determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## III.   Discussion

In their Amended Complaint, Plaintiffs allege the following in support of their

claims:

> 7.      Plaintiffs have no experience beyond basic financial
> matters.  Plaintiffs were never explained the full terms of their loan,
> including but not limited to the rate of interest[,] how the interest rate
> would be calculated, what the payment schedule would be, the risks and
> disadvantages of the loan, the prepay penalties[,] [and] the maximum
> amount the loan payment could arise to.  Certain fees in obtaining the loan
> were also not explained to the Plaintiffs including but not limited to
> "underwriting fees," "MERS registration fee," "appraisal fees," "broker
> fees," "loan tie in fees," etc.  Plaintiffs believe they are the victims of
> Fraud by Non-Disclosure during the initial lending process.

> 8.      Plaintiffs were contacted by SWBC Mortgage Corporation
> banker, Russell Rhodes on or about November 2011 about refinancing the
> property for a lower interest rate which we agreed to not being aware a 2nd
> Deed of Trust (20110483406) dated November 16, 2011 case #62-62-6-
> 1145105 loan # 000162424 was generated.   The entire process was
> conducted over the computer with e-signatures.  Plaintiffs would later
> discover the transaction would generate [a] new loan.  Plaintiffs believe
> this could be considered Fraudulent Inducement.

> 9.      Plaintiffs faithfully made regular payments, maintained the
> property, and made substantial improvements to the property to include
> new air conditioning system, roofing, exterior, and interior painting.

> 10.     Plaintiffs experienced a financial hardship on or about
> November 2016 resulting from a business venture and depletion of
> financial assets causing the payments on the property to be late.
> Defendant, Wells Fargo N.A. was informed about the situation.  Plaintiffs
> sold a rental property to restore the account status.

> 11.     On or about August 2017 Hurricane Harvey struck
> Houston, Texas causing massive flooding and property damage to the
> majority of the citizens.   Plaintiffs were not immediately affected but
> assisted family members with recovery efforts which brought on another
> financial hardship. Defendant, Wells Fargo Bank N.A. assisted with the

Home Preservation Department by setting up three (3) month forbearance agreements. Plaintiffs were not able to secure gainful employment due to the aftermath of [the] Hurricane Harvey effect on the local businesses.

12. On or about October 2018 Defendant, Wells Fargo Bank N.A. increased the monthly payments to $2,200 stating there were no grounds for Plaintiff's financial hardship. Defendant failed to provide a Disaster Modification for the loan as recommended by the Veterans Administration.

13. On or about November 2018 Plaintiffs were informed by Defendant, Wells Fargo Bank N.A. had initiated foreclosure proceeding[s] for the property via telephone. Plaintiffs were distraught and stressed due to the holiday season and timing of the process.

14. On December 14, 2018 Plaintiffs received a letter from Defendant's attorneys, Barrett Daffin Frappier Turner & Engel, LLP stating the account was in foreclosure and a balance of $29,764.09 was due to bring the account current (exhibit 4A1).

15. Plaintiffs in good faith initiated the Administrative Process to verify the debt and review all documentation associated with the account. On January 7, 2019 a "Notice of Adequate Assurance of Due Performance" was mailed to Defendant, Wells Fargo Bank N.A. disputing the debt and requesting [the] original promissory note. Since the Plaintiffs paid money in the form of a promissory note to the Defendant, herein called Lender, to perform according to a loan agreement, the borrowers (Plaintiffs) are now hereby requesting Adequate Assurance of Due Performance pursuant to UCC 2-609 that the Lender has performed according to the loan agreement and that the original lender used their own money to purchase the Borrower's promissory note and did not accept the Borrower's promissory note as money or like money to fund the check or similar instrument that the lender then lent to the Borrower – which would have an economic effect similar to stealing, counterfeiting and swindling – and that the Lender has followed the Federal Laws 12 USC Sec. 1831n (a)(2)(A) and/or 12 CFR 741.6(b) regarding Generally Accepted Accounting Principles and Generally Accepted Auditing Standards concerning this loan (see exhibit 1).

16. After Plaintiffs reviewed their personal mortgage documents, the Original Promissory Note with wet ink signatures (see exhibit X1) and Original Warranty Deed (see exhibit X2) were discovered to be in their possession. Plaintiffs also discovered a different Deed of Trust (20110483406) dated November 16, 2011 case #62-62-6-11455105 loan #000162424 (see exhibit X4) resulting from the refinancing of the property.

17.   Plaintiffs reviewed Texas Business & Commerce Code 3.301, 3.309, & 3.418(d) with regard to "Holder in Due Course" and case law Wells Fargo Bank v. Ballestas, 355 S.W.3d 187 (2011) and with a preponderance of the legal information they were the true Holder in Due Course.

18.   Plaintiffs informed Defendants on this new information in a Mortgage Discharge Letter sent certified mail #7018-1830-0001-9483-8654 on January 9, 2019 (see exhibit 2).  Plaintiffs informed Defendants of the right as Grantors on the Deed of Trust to cancel the negotiable instrument pursuant to Texas Business and Commerce Code § 3.604. Discharge by Cancellation or Renunciation.

19.   We do not believe, Defendants Wells Fargo Bank N.A. can show it is the holder of the note and the mortgage at the time the complaint was filed.  We also believe that Defendant, Wells Fargo Bank N.A. may attempt to commit fraud upon the court in an attempt to persuade the court that Wells Fargo Bank N.A. is the holder of the note.

20.   Defendant, Wells Fargo Bank N.A. was not and is not harmed by the lack of payment and/or canceling of said note.  Defendant, Wells Fargo Bank N.A. did not risk any assets, money and/or the like and thusly was not [ ] harmed.  Defendant, Wells Fargo Bank N.A. will be nothing more than an accomplice to a RICO Act violation by asserting any contention that they will suffer any losses or be harmed in any way.

21.   Defendants knowingly, willingly, wantonly, fraudulent and illegally continued to pursue the foreclosure sale in direct violation of the Fair Debt Collectin Practices Act, § 809(b):  The Fair Debt Collection Practices Act, § 809(b): (b) "If the consumer notified the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

22.   SWBC Mortgage Corporation was also sent a "Notice of Adequate Assurance of Due Performance" certified mail #7018-1830-0001-9483-8678 and "Mortgage Discharge Letter["] dated January 14, 2019.  The letter was received and the green Postal receipt was returned (see exhibit 3A).

> 23.     Plaintiffs received a letter from Defendant's legal counsel alleging verification of the debt through MERS as beneficiary on a photo copy Deed of Trust (62-62-6-1145105) dated November 11, 2011 with fictitious signatures (see exhibit 1F).  The Defendant was not assigned as the mortgage [servicer] of the loan during this time.

Plaintiffs' Amended Complaint (Document No. 18 at pp. 3-5).  Nowhere are there any allegations of MERS' involvement in any of the conduct upon which Plaintiffs' claims are based.  Because there are no allegations in Plaintiffs' Amended pleading that would support any claim against MERS, Plaintiffs have not stated a claim against MERS.  As for the claims alleged by Plaintiffs against Wells Fargo, they are each addressed, in turn.

### A.     Violation of the FDCPA

Plaintiffs generally allege that Wells Fargo violated the FDCPA by continuing with the foreclosure despite Plaintiffs' questioning of both the debt and Wells Fargo's standing to foreclose.  Plaintiffs also allege that Wells Fargo violated § 809(b) of the FDCPA, which provides in pertinent part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).  According to Plaintiffs' allegations, Wells Fargo's response to Plaintiffs' two January 2019 letters run afoul of § 809(b) of the FDCPA because the documents provided by Wells Fargo in its response contained "fictitious" signatures.

A claim under the FDCPA requires allegations and proof that: (1) plaintiff has been the object of collection activity arising from consumer debt; (2) defendant is a debt

collector as defined by the FDCPA; and (3) defendant has engaged in an act or omission prohibited by the FDCPA. *Browne v. Portfolio Recovery Assocs., Inc.*, No. H-11-02869, 2013 WL 871966, at \*4 (S.D. Tex. Mar. 7, 2013). Here, Plaintiffs' FDCPA claim fails for two reasons. First, Wells Fargo did respond, and did respond timely, to the Plaintiffs' request for information. *See* letters dated January 11, 2019, and January 22, 2019 (Document No. 12-2 at 3-5, 7). That Plaintiffs did not like the response, and that Plaintiffs still believed, following Wells Fargo's response, that Wells Fargo did not have standing to foreclose is of no consequence under § 809(b). What is of consequence under § 809(b) is that Wells Fargo responded to Plaintiffs' correspondence and provided Plaintiffs with the basis for Wells Fargo's standing to foreclose -- all of which Plaintiffs essentially admit in their amended complaint. *See Bashore v. Resurgent Capital Servs., L.P.*, 452 F. App'x 522, 524 (5th Cir. 2011) (under § 809(b), a "debt collector is instead required only to cease collection of the debt until verification of the debt is obtained").

As for Plaintiffs' argument that Wells Fargo could not foreclose because Wells Fargo was not the holder of the note, the record shows that Wells Fargo holds the November 11, 2011 note as bearer paper (Document No. 17-1), and that the Deed of Trust was assigned to Wells Fargo in January 2017 (Document No. 17-3). There is no need, for standing purposes, for Wells Fargo to present to this Court or to Plaintiffs the original note. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) ("In Texas, existence of a note may be established by '[a] photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note' . . . . The original, signed note need not be produced in order to foreclose."). As for Plaintiffs' allegations that there are "fictitious"

9

signatures on documents Wells Fargo provided to Plaintiffs in response to their inquiries, Plaintiffs have not, as argued by Defendants, alleged with any particularity any facts that would support the conclusory allegation of "fictitious" signatures.  In addition, Plaintiffs do not allege which documents contains fictitious signatures, and do not allege which signatures are fictitious or how Plaintiffs have any knowledge of such.   Plaintiffs' allegations of some unidentified "fictitious" signature(s) do not meet the required, heightened pleading standard of Fed. R. Civ. P. 9(b), *see Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 360 (5th Cir. 2017) (upholding dismissal of claim that a signature on the assignment was forged where the forgery allegations did not meet the heightened pleading requirements of Rule 9(b), and cannot support a plausible claim.  Plaintiffs' FDCPA claim is therefore not plausible and is subject to dismissal on that basis.

### B.      Fraud by Nondisclosure

Plaintiffs allege that Defendants committed fraud by nondisclosure in connection with the original and re-financed loan insofar as Plaintiffs did not know, and were not informed about, the loan terms, the rate of interest, how interest would be calculated, the payment schedule, the risks and disadvantages of the loan, and the possible penalties.

A claim of fraud by nondisclosure under Texas law requires allegations and proof that:

> (1) the defendant failed to disclose facts to the plaintiff, (2) the defendant had a duty to disclose those facts, (3) the facts were material, (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result of acting without that knowledge.

*Horizon Shipbuilding, Inc. v. Blyn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App.—
Houston [14th Dist.] 2010, no pet.).

With the allegations in their Amended Complaint, Plaintiffs have not alleged a
plausible fraud by non-disclosure claim against Wells Fargo.   At the time Plaintiffs
obtained the original loan in 2010, and at the time Plaintiffs re-financed the loan in 2011,
Wells Fargo was a stranger to the transaction, and had no obligation to disclose anything
about the loan(s) to Plaintiffs.   As a result, Plaintiffs' allegations in the Amended
Complaint that it was not aware of the terms of the loan does not state a plausible fraud
by nondisclosure claim against Wells Fargo.  In addition, there are no other allegations in
the amended complaint that would state a plausible fraud by nondisclosure claim against
Wells Fargo.  Plaintiffs do not allege – at all – that Wells Fargo failed to disclose any
material facts to them.   Because a fraud by non-disclosure claim is subject to the
heightened pleading requirements of Rule 9(b), *Reveille Trucking, Inc. v. Lear Corp.*, No.
4:14-CV-511, 2017 WL 661521, at *16 (S.D. Tex. Feb. 17, 2017), and because there are
no facts alleged about any material fact that was not disclosed by Wells Fargo, but should
have been, Plaintiffs have not stated a plausible fraud by nondisclosure claim.

### C.     Fraudulent Inducement

Plaintiffs next allege that they were fraudulently induced to enter into the original
loan agreement and fraudulently induced to refinance the loan.   As set forth above,
however, it was SWBC Mortgage Corporation that was the lender on both the original
2010 loan and the refinanced 2011 loan – not Wells Fargo.  There are no allegations that
Wells Fargo induced Plaintiffs to enter into the original loan agreement or the refinanced
loan agreement.

11

Under Texas law, to state a claim for fraudulent inducement, a plaintiff must allege the existence of "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)). Here, there are no allegations that Wells Fargo made any representations to Plaintiffs about either loan, much less any material misrepresentations. Consequently, notwithstanding the heightened pleading requirements under Rule 9(b) for claims of fraudulent inducement, *Miller v. Citimortgage, Inc.*, 970 F.Supp.2d 568, 583 (N.D. Tex. 2013), Plaintiffs have alleged no facts, as against Wells Fargo, that would state a plausible fraudulent inducement claim.

### D.      Quiet Title

In their final claim, Plaintiffs "seek a quiet title free of any clouds and encumbrances . . . a full re-conveyance of the property and release of any and all liens in all public records." Plaintiffs' Amended Complaint (Document No. 18) at 6.

In Texas, "[a] suit to clear or quiet title- also known as suit to remove cloud from title- relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 372 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 66 Tex.

383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 at *7 (Tex. App.—Houston [1st Dist.] 2011, no pet.). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

Here, as pointed out by Defendants, there are no facts alleged in Plaintiffs' Amended Complaint that would support a quiet title claim.  The loan documents in the record, coupled with the facially valid assignment of the Deed of Trust by MERS to Wells Fargo in January 2017 (Document No. 17-3), are completely contrary to Plaintiffs' position, and argument, that Wells Fargo is not the holder of the note and the Deed of Trust.  *See e.g.*, *Livingston v. U.S. Bank Nat'l Ass'n*, No. A-13-CV-388 LY, 2013 WL 12130362, at *7 (W.D. Tex. Aug. 14, 2013), *report and recommendation adopted sub nom. Livingston v. U.S. Bank*, No. A-13-CV-388-LY, 2013 WL 12131231 (W.D. Tex. Sept. 4, 2013) (dismissing quiet title claim where allegations did not go "to the strength of Plaintiffs' title" and Defendant had authority to foreclose); *see Bynane v. Bank of New York Mellon*, 866 F.3d 351,361 (5th Cir. 2017) (upholding dismissal of quiet title claim which was based on inadequate allegations that the assignment of the Deed of Trust was

void).  In addition, given Plaintiffs' admissions in their amended complaint that they were behind on their mortgage payments, they cannot plausibly allege any facts that would demonstrate the invalidity of Wells Fargo's claim or the superiority of their own. Accordingly, Plaintiffs have not stated a plausible quiet title claim against Wells Fargo.

### E.   Declaratory Relief, Injunctive Relief, and Recoupment

In addition to the four substantive claims addressed above, Plaintiffs assert "claims" for declaratory relief, injunctive relief, and recoupment.  Because Plaintiffs have not stated a plausible, substantive claim, they have not, and cannot, state a plausible claim for declaratory relief, injunctive relief, or recoupment attendant thereto.  *See Ayers v. Aurora Loan Services, LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, 2011 WL 7068386 *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").

### IV.   Discussion – Amendment

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires."  When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs

advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, because Plaintiffs have already amended their complaint once in response to Defendants' original Motion to Dismiss, and because nothing in the record, or in the allegations that are contained in Plaintiffs' Amended Complaint, indicate or suggest that Plaintiffs could further amend their pleadings in order to state a plausible claim against Defendant Wells Fargo, further amendment would be futile, and should not be allowed.

## V.    Conclusion and Recommendation

Based on the foregoing, and the determination that Plaintiffs' pleading does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," and that allowing further amendment of the pleadings is not warranted, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss (Document No. 17) be GRANTED and that Plaintiff's claims against Defendants Wells Fargo Bank N.A. and Mortgage Electronic Registration System all be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED R. CIV. P. 72(b), and General Order 80–5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), cert. denied, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk

Signed at Houston, Texas, this ___16th___ day of October, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE