# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DUANE CHRIS JONES AND TIFFANY RENE JONES, <br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., SWBC MORTGAGE CORPORATION; *and* MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEM, <br> Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:19-CV-00506 <br><br><br><br><br> JUDGE CHARLES ESKRIDGE |

## ORDER

This Court has reviewed the Memorandum and Recommendation Granting Defendant's Motion to Dismiss signed by the United States Magistrate Judge on October 16, 2019. Dkt 38. The Court received no timely objection.

Before the Court is a self-styled response to the underlying motion to dismiss filed on November 18, 2019 by one of the plaintiffs acting pro se. Dkt 40. The response is both late and procedurally defective.

A party has fourteen days to file written objections to the recommendation of a Magistrate Judge. *See* 28 USC § 636(b)(1)(C); FRCP 72(b). Further, the party must file "specific

objections to the proposed findings and recommendations." FRCP 72(b).

Absent proper objection, the Court reviews the Report and Recommendation for clear error. *See Cruz v Colvin*, 2016 WL 728182, at *1 (SD Tex); see also FRCP 72(b). Based on the pleadings, the record, and the applicable law, the Court finds no clear error.

The response does appear to assert that the federal courts lack subject-matter and personal jurisdiction over this dispute. Dkt 40 at 1–2. The Court finds such jurisdiction to exist. Defendants timely removed this case to this Court based on federal question and diversity jurisdiction. See Dkt 1 at 3–10; Dkt 38 at 2. Plaintiffs brought a claim under the Fair Debt Collection Practice Act, a federal statute. And so, removal was proper on federal question basis under 28 USC § 1441(a) and 1331. See also *Holland/Blue Streak v Barthelemy*, 849 F2d 987, 988 (5th Cir 1988). The Court also has supplemental jurisdiction to hear Plaintiff's state and common law claims. 28 USC § 1367; see also *Giles v NYLCare Health Plans, Inc.*, 172 F3d 332, 337 (5th Cir 1999). Defendants also claimed that the Court has subject-matter jurisdiction based on diversity. Dkt 1 at 5–10. Plaintiffs do not provide any evidence or argument persuading the Court that it lacks diversity jurisdiction.

The response also appears to assert personal claims against the Magistrate Judge, rather than articulate and specify defects in the Report and Recommendation or its reasoning. Dkt 40 at 6–7. The response is not an appropriate means by which to raise an allegedly new or tangential claim.

The Court adopts the Memorandum and Recommendation as this Court's Memorandum and Order. The Court finds and concludes that Plaintiff's claims should be dismissed for failure to state a claim. FRCP 12(b)(6).

The Court ORDERS as follows:

- o The Memorandum and Recommendation is ADOPTED;
- o Defendant's motion to dismiss is GRANTED; and

- o   This case is DISMISSED with prejudice.

SO ORDERED.

Signed on December 13, 2019, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge